1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                         **DISTRICT OF NEVADA**
8

9  DANNY LEE WILLIAMS,                    )
10                     Plaintiff,          )     Case No. 3:09-cv-0158-LRH-VPC
                                           )
11 vs.                                     )
                                           )     **ORDER**
12 ROBERT BANNISTER, *et al.*,             )
                                           )
13 _____Defendants.             )

14        Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has

15 submitted an Application to Proceed *in Forma Pauperis* (#1) and a Civil Rights Complaint Pursuant to

16 42 U.S.C. § 1983.  The Court has screened the complaint and finds that it must be dismissed.

17 **I.     Application to Proceed *in Forma Pauperis***

18        Based on the financial information provided, the Court finds that Plaintiff shall not be required

19 to pay an initial partial filing fee.  However, even if this action is dismissed, the full filing fee of $350

20 must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

21 **II.    Screening Standard Pursuant to 28 U.S.C. § 1915A**

22        The Court must screen plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.  Federal

23 courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a

24 governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its

25 review, the Court must identify any cognizable claims and dismiss any claims that are frivolous,

26 malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

27 defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings,

28 however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir.

1   1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that

2   a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

3   violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42,

4   48 (1988).

5       In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

6   Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of

7   poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may

8   be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.

9   § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is

10  provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under

11  § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses

12  a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions

13  as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could

14  not be cured by amendment.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

15      Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.

16  Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim

17  is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that

18  would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making

19  this determination, the Court takes as true all allegations of material fact stated in the complaint, and the

20  Court construes them in the light most favorable to the plaintiff.  *See Warshaw v Xoma Corp.*, 74 F.3d

21  955, 957 (9th Cir. 1996).  Allegations of a pro se complainant are held to less stringent standards than

22  formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

23  U.S. 519, 520 (1972) (per curiam).  While the standard under Rule 12(b)(6) does not require detailed

24  factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp.

25  v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic recitation of the elements of a cause of action

26  is insufficient.  *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

27      All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

28                                                    2

1   prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

2   conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of

3   infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

4   allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28

5   (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

6   **III.   Screening of the Complaint**

7         Plaintiff sues defendants Robert Bannister, Joe Brackbill, Max Leon Carter, Karen Gedney, Mr.

8   Mar, and Jake Murphy in their individual capacities for violation of his Eighth and Fourteenth

9   Amendment rights.  He claims that his rights were violated when he was told that he had an enlarged

10   heart but prison officials refused his request to see a cardiologist.  After subsequent x-rays, Plaintiff was

11   then told that there is nothing wrong.  Plaintiff alleges that he was denied medical care and continues

12   to suffer physical pain and extreme emotional distress.  Plaintiff seeks compensatory and punitive

13   damages.

14         To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

15   conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S.

16   337, 347 (1981).  A prisoner's claim of inadequate medical care does not constitute cruel and unusual

17   punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical

18   needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves

19   an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

20   "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S.

21   294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which

22   entails more than mere negligence, but less than conduct undertaken for the very purpose of causing

23   harm. *Farmer v. Brennan*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent

24   manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

25         In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

26   civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

27   'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action.' *Broughton*

28         3

1    *v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06.  "[A]

2    complaint that a physician has been negligent in diagnosing or treating a medical condition does not state

3    a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not

4    become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S.

5    at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*,

6    974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d

7    1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate

8    indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

9    A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate

10   indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

11       Here, plaintiff has alleged nothing more than a mere disagreement with diagnosis or treatment.

12   Plaintiff has not stated a claim of deliberate indifference.

13   **IV.    Conclusion**

14       Plaintiff has failed to state a claim upon which relief may be granted.  Therefore, this action must

15   be dismissed.

16       Based on the foregoing, and with good cause appearing,

17   **IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis*

18   (#1) is **GRANTED**.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if

19   this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

20   **IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to

21   conclusion without the necessity of prepayment of any additional fees or costs or the giving of security

22   therefor.  This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at

23   government expense.

24   **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department

25   of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the

26   preceding month's deposits to Plaintiff's account (inmate #62471), in the months that the account

27   exceeds $10.00, until the full $350 filing fee has been paid for this action.  The Clerk of the Court shall

28

send a copy of this Order to the Finance Division of the Clerk's Office.  The Clerk shall also send a copy

of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections,

P.O. Box 7011, Carson City, NV 89702.

**IT IS HEREBY ORDERED** that the Clerk of the Court shall **FILE** the complaint.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice for failure
to state a claim upon which relief can be granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Permission to Submit
Plaintiff's First Request for Production of Documents (#1-3) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (#3) is
**DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE THIS CASE** and
**ENTER JUDGMENT ACCORDINGLY.**

DATED this 28th day of July, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5